Scott Edelsberg (CA Bar 330990)
**EDELSBERG LAW, PA**
20900 NE 30th Ave., #417
Aventura, FL 33180
Telephone: (305) 975-3320
scott@edelsberglaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORAL RECHNER, individually and on behalf of all other similarly situated, | Case No.:_____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| CALIFORNIA VEGETABLE SPECIALTIES, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant, / | |

**CLASS ACTION COMPLAINT**

1. Plaintiff Coral Rechner ("Plaintiff") files this Class Action Complaint alleging California Vegetable Specialties, Inc. ("California Vegetable Specialties" or "Defendant") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide Plaintiff with a timely COBRA notice that complies with the law.

2. In America, medical problems contribute to 66.5% of all bankruptcies.[1] Access to health coverage does not just impact Americans' health, it also

---

[1] "Medical Bankruptcy: Still Common Despite the Affordable Care Act." David U. Himmelstein, Robert M. Lawless, Deborah Thorne, Pamela Foohey, and Steffie Woolhandler. *American Journal of Public Health*, March 1, 2019 (online Feb. 6, 2019).

has a serious financial impact on their lives. As a result, COBRA was enacted to ensure that individuals who were receiving health insurance from their employers, and subsequently leave the company, have the opportunity to elect COBRA continuation coverage for themselves and their family members to avoid a gap in coverage.

3. Yet, some employers, who find COBRA coverage to be inherently expensive,[2] fail to provide former employees with access to timely statutorily required information to make an informed decision about obtaining COBRA coverage. As a result, these individuals lose access to health coverage for themselves, and their dependent family members, and suffer grave medical and financial complications.

4. Here, Defendant's failure to provide a timely COBRA notice caused Plaintiff economic injuries in the form of lost health insurance and created economic barriers to Plaintiff's ability to access medical care. Additionally, the failure to provide a timely COBRA notice caused Plaintiff to avoid doctor visits, for fear of the costs associated with having to pay for medical needs out-of-pocket.

5. California Vegetable Specialties, the plan sponsor and plan administrator of the California Vegetable Specialties' group health benefit plan (the "Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the

---

[2] According to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." *Health Insurance Continuation Coverage Under COBRA*, Congressional Research Service, Janet Kinzer, July 11, 2013.

occurrence of a "qualifying event" as defined by the statute within forty-four (44) days. 29 C.F.R. § 2590.606-4(b)(2).

6. Simply put, Defendant's failure to provide a timely COBRA notice violates the law. Defendant failed to provide a timely COBRA notification to allow Plaintiff an opportunity to make an informed decision within the statutory time-period about Plaintiff's healthcare options for her and her family.

7. As a result of this violation, which threatens Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

9. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) and ERISA § 502(e)(2), because the events giving rise to these claims arose in this district.

## PARTIES

10. Plaintiff is a natural person residing in San Joaquin County, California.

11. Plaintiff is a former employee of Defendant and received health coverage from Defendant. Plaintiff was thus a participant/beneficiary in the Plan before Plaintiff's termination on November 22, 2019, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering Plaintiff a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3). Importantly, Plaintiff was not terminated for gross misconduct.

12. Defendant is a California corporation with a principal office in Solano County, California.

13. Defendant employed more than twenty (20) employees who were members of the Plan in each year during the relevant time period. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

14. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

15. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than twenty (20) employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, **within the election period**, continuation coverage under the plan." 29 U.S.C. § 1161(emphasis added).

16. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

17. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

18. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary of Labor." 29 U.S.C. § 1166(a).

19. The COBRA letter is required to provide important detailed information to individuals to allow them to make informed decisions about their healthcare options for themselves, and their family members that depend on them, **before** they lose health coverage. To that end, the Secretary of Labor identified important information that must

4
CLASS ACTION COMPLAINT

be included in a COBRA letter as set forth in 29 C.F.R. § 2590.606-4[3]:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> > (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
> >
> > (ii) Identification of the qualifying event;
> >
> > (iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;
> >
> > (iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;
> >
> > (v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;
> >
> > (vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect

---

[3] In fact, the Department of Labor provides a Model COBRA form on its website. All California Vegetable Specialties had to do was complete the model form, which makes it easy on employers, and send it to Plaintiff timely so Plaintiff could make an informed decision about coverage. Instead, California Vegetable Specialties failed to provide any information to Plaintiff, and Plaintiff lost coverage.

5
CLASS ACTION COMPLAINT

continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)   A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii)   An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x)   In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

20. To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

21. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to timely use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4.

***Plaintiff's Experience***

22. Plaintiff is a former employee of Defendant and received health coverage from Defendant. Plaintiff was thus a participant/beneficiary in the Plan before Plaintiff's termination on November 22, 2019, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering Plaintiff a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

23. Importantly, Plaintiff was not terminated for gross misconduct.

24. Defendant failed to send Plaintiff a timely COBRA notice within forty-four (44) days of the qualifying event.

25. As a result, Plaintiff lost health insurance coverage.

26. While uninsured, Plaintiff intentionally stayed away from the doctor fearing any type of doctor visit would result in crippling debt.

### *Plaintiff's First Concrete Injury: Informational Injury*

27. Defendant's failure to send a timely COBRA notice caused Plaintiff an informational injury when Defendant failed to provide Plaintiff with information to which Plaintiff was entitled to by statute, namely a COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a) within the statutory time frame. Through ERISA and then COBRA, Congress created a right—the right to timely receive the required COBRA election notice—and an injury—not receiving a timely and proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiff and members of the putative class by failing to provide the required information timely.

### *Plaintiff's Second Concrete Injury: Loss of Insurance Coverage*

28. Besides the informational injury suffered, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and creating economic barriers to Plaintiff's ability to access medical care, due to Defendant's untimely COBRA election notice. Besides a paycheck, insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is a tangible economic injury.

29. Defendant cannot cure its failure to send a timely COBRA notice with a late notice. Pursuant to 29 C.F.R. § 2590.606-4(b)(2), Plaintiff, as a participant in the Plan, was entitled to notice of Plaintiff's right to elect COBRA coverage within forty-four (44)

days of Plaintiff's qualifying event. Here, Defendant failed to provide a timely notice.

30.   Defendant has no administrative remedies Plaintiff was required to exhaust prior to bringing suit.

31.   Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

## CLASS ACTION ALLEGATIONS

32.   Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in Defendant's Plan who were not sent a timely COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage.**

33.   No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

34.   Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

35.   Typicality: Plaintiff's claims are typical of the Class. Defendant uniformly failed to provide a timely COBRA notice to all Class Members. As such, Plaintiff's claim is typical of that of the other Class Members who suffered from the same deficiencies.

36.   Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members, Plaintiff has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

37.   Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

> (i) Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).
>
> (ii) Whether Defendant's failure to timely send a COBRA notice violated

          29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    (iii)   Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

    (iv)   The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

    (v)  Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

38. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

39. Plaintiff intends to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

## COUNT I

### *Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

40. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

41. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

42. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

43. On account of such qualifying event, Defendant failed to send Plaintiff and the Class Members a timely COBRA notice.

44. Defendant's failure to send Plaintiff and other Class Members a timely COBRA notice violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

45. These violations were material and willful.

46. Defendant knew that it should have sent timely notice consistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and judgment against Defendant as follows:

a. Designating Plaintiff's counsel as counsel for the Class;

b. Issuing proper notice to the Class at Defendant's expense;

c. Declaring that Defendant's failure to send a timely COBRA notice to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to fail to send timely COBRA notices and requiring Defendant to send corrective notices;

e. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective or untimely COBRA notice by Defendant;

f. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 26th day of June, 2020.

Respectfully submitted,

|   |   |
|---|---|
| By: | /s/ Scott Edelsberg |

Scott Edelsberg
**EDELSBERG LAW, PA**
State Bar No. 330990
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
scott@edelsberglaw.com

Gary M. Klinger*
**KOZONIS & KLINGER, LTD.**
IL Bar No. 6303726
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Rachel Dapeer*
**DAPEER LAW, P.A.**
Florida Bar No. 108039
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: 305-610-5223
rachel@dapeer.com

Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
14 NE First Avenue, Suite 1205
Miami, Florida 33132
Telephone: 305-479-2299
Fax: 786-623-0915
ashamis@shamisgentile.com

*Counsel for Plaintiff
and the Proposed Class*

\* Applications for admission *pro hac vice* to be filed